# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | | |
|---|---|---|
| MARK E. CAMPBELL,<br>ADC #144234 | | PLAINTIFF |
| V. | 5:11CV00021 JLH/JTR | |
| GRANT HARRIS, Former Warden,<br>Arkansas Department of Correction, et al. | | DEFENDANTS |

## ORDER

Plaintiff, Mark E. Campbell, has commenced this *pro se* § 1983 action alleging that Defendants failed to protect him from being stabbed, on July 22, 2010, by inmate Souther while they were eating dinner in the Varner Unit dining hall. *See* docket entries #2, #7, and #8. Specifically, Plaintiff alleges that Defendants: (1) improperly returned him to general population after he warned them that members of the Aryan nation had threatened to kill or harm him; (2) inadequately staffed the dining hall where he was attacked; and (3) wrongfully allowed Souther to bring a weapon through the metal detectors and into the dining hall.

In May of 2011, Plaintiff sent Defendants five Interrogatories and twenty Requests for Production of Documents. *See* docket entry #34, Ex. A. Defendants objected to *all* but one of those discovery requests. *Id.*

Plaintiff has filed a Motion to Compel Defendants to respond to his discovery requests, along with a Brief in Support, an Affidavit, and a Reply. *See* docket entries #31, #32, #33, and #35. Defendants have filed a Response.[1] *See* docket entry #34. The Court will address each disputed discovery request separately.

## A.   Interrogatory #2

Plaintiff asked Defendants to name the officers who were assigned to monitor the metal detector outside of the dining hall from July 18 to July 24, 2010. *See* docket entry #34, Ex. A. Defendants have provided Plaintiff with that information. *Id.* Thus,

---

[1] Defendants began their Response to the Motion to Compel by incorrectly stating that Plaintiff "does not challenge any particular objections or [discovery] responses." *Id.* at 1. To the contrary, Plaintiff has *specifically challenged* Defendants' responses to "Interrogatories 2, 3, 4, and 5" and "Requests for Production of Documents 1-20." *See* docket entry #32 at 3-4.

Although there are 24 separate discovery disputes that the Court must resolve, Defendants' Response is only one and a half pages in length. *See* docket entry #34. Moreover, Defendants' Response summarily refers the Court to the cursory objections in their responses to Plaintiff's discovery requests, *without any argument or legal support as to why those objections are proper*. Without any guidance from Defendants, the Court was forced to sift through the pleadings to determine whether the requested information is relevant to the particular legal issues and factual disputes presented in the case.

Finally, Defendants responded to many of Plaintiff's discovery request with a non-specific, blanket objection that the request was "irrelevant, overly broad, and unduly burdensome. " *See* docket entry #34, Ex. A. Local Rule 33.1 provides that such "blanket objections" are improper and "will not be recognized" by the Court. The Rule goes on to explain that the "ground or grounds for the objection *must be stated with particularity*." *Id.* (emphasis added).

In the future, the Court will strike a Response to a Motion to Compel that contains similar deficiencies and grant the Motion.

the Motion to Compel is denied as to Interrogatory #2.

**B.     Requests for Production #1 and #17 and Interrogatories #3 and #4**

In Requests for Production #1 and #17, Plaintiff asked Defendants to produce the log sheets for inmates in barracks 1 through 4, from 6:00 a.m. to 6:00 p.m., on July 22, 2010. *Id.* Similarly, in Interrogatories #3 and #4, Plaintiff asked Defendants the number of inmates assigned to barracks 1 through 6, and the number of prison officers assigned to monitor each barrack. *Id.*

Plaintiff alleges that Souther attacked him in the dining hall – *not the barracks*. *See* docket entry #2. Thus, the requested information is not relevant nor would it lead to the discovery of any relevant information. Accordingly, the Motion to Compel is denied as to these discovery requests.

**C.     Interrogatory #5**

Plaintiff asked Defendants to state the "names, titles, and duties of all staff members at the Varner Unit, where they were assigned to work, and their post on July 18 through July 24, 2010." *See* docket entry #34, Ex. A at 3.

Defendants made a blanket objection to this request, stating – without any explanation – that it was "irrelevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence." *Id.* As previously discussed, Defendants' response is in violation of Local Rule 33.1.

Nevertheless, the Court agrees that the question is overly broad in two respects. First, Plaintiff alleges that Souther was housed in barrack 1 immediately before he attacked Plaintiff in the dining hall. *See* docket entry #2 at 14-15. Thus, any documents pertaining to supervision of inmates in other areas of the Varner Unit are irrelevant. Second, it is undisputed that the attack occurred on July 22, 2010. Thus, information regarding the supervision of inmates on dates prior to or after July 22, 2010 is irrelevant.

Accordingly, Plaintiff's Motion to Compel is granted, *as modified*, as to Interrogatory #5. Defendants shall, **within fourteen days of the entry of this Order,** provide Plaintiff with the names, titles, and duties of the Varner Unit officers who were working in barrack 1 and the dining hall on July 22, 2010.

**D.     Request for Production #3**

Plaintiff asked Defendants to produce any documents that set forth the job descriptions or duties of the individuals listed in Defendants' response to Interrogatory 5. *Id.* Defendants responded by repeating the impermissible blanket objection they made to Interrogatory #5.

The Motion to Compel is granted, as modified, as to Request for Production #3. Defendants shall, **within fourteen days of the entry of this Order,** provide Plaintiff with any documents that set forth the job description or job duties of the individuals

listed in their supplemental response to Interrogatory #5.

**E.    Request for Production #2**

Plaintiff asked Defendants to produce "any and all documents pertaining to the time and order in which the barracks between 1 through 6 were called out to eat supper in the satellite dining hall, and the name of the prison officer [who made] that decision on July 22, 2010." *See* docket entry #34, Ex. A at 3.   Defendants object to this as being overly broad and presenting unspecified security concerns.  *Id.*

Based on its experience in other ADC prisoner cases, the Court knows that there are legitimate security concerns that prevent inmates from possessing *documents* that identify the location of other inmates on specific dates.  In contrast, it is unclear what security concerns prevent Defendants from providing Plaintiff with the *name of the prison officer* who decided the order in which the barracks were called to the dining hall on July 22, 2010.[2]

Defendants shall, **within fourteen days of the entry of this Order**, file – UNDER SEAL – a Supplemental Response to Request for Production #2 that: (1) provides the name of the prison officer who decided the order in which the barracks were called to the dining hall on July 22, 2010; and (2) explains the specific security

---

[2] On July 22, 2010, Plaintiff was housed in barrack 4, while Souther was in barrack 1.  Plaintiff contends that barracks 1 and 4 were not suppose to be eating together in the dining hall.

concerns, if any, that prevent Defendants from giving that name to Plaintiff.

**F.   Request for Production #4**

Plaintiff asked Defendants to allow him to "inspect" any video recordings "within the satellite dining hall and between 1 and 2 barracks" on July 22, 2010, from 2:00 p.m. through 5:00 p.m. *Id.* at 4. Defendants objected to this request because: "Inmates are not permitted to have video footage." *Id.* Defendants then state that "if such video footage exists, it will be preserved for trial." *Id.*

Defendants' response is both inaccurate and evasive. First, Plaintiff seeks to *inspect* – not posses – the video recordings. The Court is aware of at least one other case where the Attorney General's Office permitted a prisoner to review a video recording of the event in question. *See Dorsey v. Page*, 1:10CV00046 JMM/JTR.

Second, the Court is troubled by Defendants' admission that they do not, at this time, know if any video recordings exist. After they were served, Defendants should have *immediately* determined whether there were any video recordings of the July 22, 2010 incident, and if so, taken appropriate measures to preserve them for use in this case.

Defendants shall, **within fourteen days of the entry of this Order,** file – UNDER SEAL –  a Supplemental Response to  Request for Production #4 that: (1) explains what, if any, video recordings exist of the dining hall and/or metal detector

area for July 22, 2010, from 2:00 p.m. through 5:00 p.m.; (2) identifies the specific security concerns that prevent Plaintiff from *viewing* all or part of any such recordings; and (3) explains whether Defendants intend to use all or part of the recordings in a dispositive motion or at trial.  In addition, if any such video recordings exist, Defendants must – UNDER SEAL – provide the Court with a copy of the video recording.

### G.    Requests for Production #5 and #8

Plaintiff asked Defendants to produce: (1) all documents regarding Captain Williamson's August 1, 2010 investigation of the July 22, 2010 incident; and (2) all documents regarding Chris Coody's December 17, 2010 Internal Affairs investigation of the July 22, 2010 incident.  *Id.*

Defendants objected to these discovery requests based upon *unspecified* security risks. *Id.*  Defendants then gave Plaintiff copies of three 005 Incident Reports that were prepared by Officer Derek Edmisten, Lieutenant Doug Boultinghouse, and Defendant Sergeant Cheryl Jones.[3]  *Id.* at 11, 12, and 13.

---

[3] The three 005 Incident Reports (which are identical) contain only the date of the incident, time of the incident, Plaintiff and Souther's names, and the names of Jones, Boulinghouse, and Edmisten as the "employees involved."  The  reports also refer to a "MSF 205" form for information regarding the extent of injuries and the medical treatment that was provided.  Importantly, the reports do not provide any substantive explanation of what occurred on July 22, 2010, or the findings of any investigations that were conducted regarding the incident.  Thus, they are not

Defendants have not, at this time, explained the security concerns that prevent the production of this obviously relevant information.

Defendants shall, **within fourteen days of the entry of this Order,** file – UNDER SEAL – a Supplemental Response to to Requests for Production #5 and #8 that: (1) provides the Court with copies of all documents prepared during Coody's and/or Williamson's separate investigations of the July 22, 2010 incident; (2) specifies the security concerns preventing all or part of any such documents from being released to Plaintiff; (3) explains whether redacting specific information from those documents would alleviate any legitimate security concerns; and (4) clarifies whether Defendants intend to use all or part of any such documents in a dispositive motion or at trial.

## H. Request for Production #6

Plaintiff asked Defendants to produce "any and all written statements that were made by Plaintiff while at the Varner Unit between May 1, 2009 [and] October 1, 2010." *Id.* at 4. Defendants made an impermissible blanket objection that the request was "overly broad . . . irrelevant, unduly burdensome." *Id.*

Plaintiff's request should be limited to the incident in question. Thus, the Motion to Compel is granted, as modified, as to Request for Production #6.

---

responsive to Plaintiff's discovery request.

Defendants shall, **within fourteen days of the entry of this Order**, provided Plaintiff with all written statements he made about: (1) the July 22, 2010 incident; and (2) being threatened by or needing protection from members of the White Aryans and/or Souther.

## I.     Request for Production #7

Plaintiff asked Defendants to produce "any and all administrative segregation reviews and notice of classification hearings taking [sic] place between June 1, 2009, through January 1, 2010." *Id.* at 5.   Defendants objected to this request as "unduly burdensome" and improper because it seeks information about other inmates. *Id.*

In his Reply, Plaintiff explains that he is only seeking documents regarding *his* segregation reviews and classification hearings – not other inmates'. *Id.* Plaintiff further explains that this information is relevant to his assertion that Defendants denied his requests for placement in protective custody and returned him to general population where he was housed with a known enemy. *Id.*

The Court finds Plaintiff's discovery request, as clarified by his Reply, to be proper.  Thus, the Motion to Compel is granted as to Request for Production #7. Defendants shall, **within fourteen days of the entry of this Order,** provide Plaintiff with any documents regarding administrative segregation reviews and/or classification hearings that were held on Plaintiff from June 1, 2009 to January 1, 2010.

**J.      Request for Production #9**

Plaintiff asked Defendants to produce "any and all records pertaining to Plaintiff's enemy alert list, grievances, complaints, requests for interviews, or any other documents received by the defendants or their agents at the Varner Unit, and any memorandum, investigative files, or other documents between March 27, 2009 through April 29, 2011." *See* docket entry #34, Ex. A at 5.

The Court agrees with Defendants that this discovery request is over broad and redundant of Requests for Production #5, 6, 7, and 8. Thus, the Motion to Compel is denied as to Request for Production #9.

**K.      Requests for Production #10 and #11**

Plaintiff asked Defendants to produce his prison mental health and medical records. *Id.* at 6. Defendants explain that security concerns prevent them from releasing such documents to Plaintiff. *Id.* Defendants go on to instruct Plaintiff to contact the "appropriate records administrator to schedule an appointment to review his mental health and medical records." *Id.*

The Court concludes that, at this stage in the litigation, it is appropriate for Plaintiff to review his prison medical records and make any handwritten notes he deems necessary. Thus, the Motion to Compel is denied as to this request.

At some future date, it may become necessary for Plaintiff to attach copies of

certain prison medical records as exhibits to his motion papers. If such copies are needed, Plaintiff should narrowly tailor his request for production of those documents to include only medical records that are necessary to support his motion papers. If Defendants fail to produce those documents, Plaintiff should promptly renew his Motion to Compel and specify: (1) the particular documents Defendants are refusing to produce; and (2) how each of those documents is relevant and necessary to support his dispositive motion or his response to such a motion filed by Defendants.

**L.     Request for Production #12**

Plaintiff asked Defendants to produce "any and all rules, regulations, or policies" regarding "how many inmates per prison officer there would be to monitor and maintain at one time within the institution." *Id.* at 7. Defendants did not identify whether there are any such rules, regulations, or policies that are responsive to this request. *Id.* Instead, they instructed Plaintiff to go to the prison library to review the rules, regulations, or policies on file. However, Defendants included the caveat that it was possible that unspecified rules, regulations, and polices might not be available in the prison library for unexplained security reasons. *Id.*

In essence, Defendants' response did nothing more than send Plaintiff on a "wild goose chase." Further, the Court concludes that the requested information could be relevant to Plaintiff's claim that the July 22, 2011 attack was caused, in part, by

understaffing of the dining hall area.

Defendants shall, **within fourteen days of the entry of this Order**, file – UNDER SEAL – a Supplemental Response to Request for Production #12 that: (1) provides copies of any rules, regulations, or policies regarding the staffing ratio in the dining hall area in July of 2010; (2) specifies the security concerns that prevent the release of all or portions of those documents to Plaintiff; (3) explains whether redacting specific portions of those documents would alleviate any legitimate security concerns; and (4) clarifies whether Defendants intend to use all or part of any such documents in a dispositive motion or at trial.

**M.     Request for Production #13**

Plaintiff requested copies of Administrative Regulation 225 and Administrative Directive 00-10, which set forth general standards on employee conduct. *Id.* at 7. The Court agrees with Defendants that the requested information is irrelevant because constitutional law – not internal ADC policies or rules – will establish the appropriate standard of care for Defendants in this case. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (explaining that a § 1983 claim must be based on a constitutional violation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations). Accordingly, the Motion to Compel is

denied as to Request for Production #13.

**N.     Request for Production #14**

Plaintiff asked Defendants to produce "any and all documents pertaining to the Varner Security Standard Operational Procedure." *See* docket entry #34, Ex. A at 7. The Court agrees with Defendants that security risks prevent the disclosure of this document, which appears to have little relevance to the specific issues presented in this case. Accordingly, the Motion to Compel is denied as to Request for Production #14.

**O.     Request for Production #15**

Plaintiff asked Defendants for copies of all photographs taken of the weapon that Souther used on July 22, 2010. *Id.* Additionally, Plaintiff asked to inspect, test, and "sample the weapon through the metal detector." *Id.*

The Court agrees with Defendants that security concerns prevent Plaintiff from having *access* to the weapon. However, Defendants have not explained why Plaintiff should be prevented from having *photographs* of the weapon.

Defendants shall, **within fourteen days of the entry of this Order**, file – UNDER SEAL – a Supplemental Response to Request for Production #15 that: (1) provides copies of any photographs that were taken of the weapon used by Souther; and (2) specifies what security concerns prevent the release of the photographs to

Plaintiff. Additionally, Defendants must insure that this weapon is retained so that, if a trial is necessary, it can be introduced into evidence.

**P.     Request for Production #16**

Plaintiff asked Defendants to produce "all background checks on all Defendants, i.e., critical incident reports, major misconduct reports, any prior complaints or disciplinary actions, work history, [and] suits." *Id.* at 8. The Court agrees with Defendants that this request seeks irrelevant and confidential information. Accordingly, the Motion to Compel is denied as to Request for Production #16.

**Q.     Request for Production #18**

Plaintiff asked Defendants to produce "all documents and photos filed and taken on Plaintiff's X-gang affiliation and tattoos at the Diagnostic Unit [in] July of 2009 in the Captain's office by the GI Gang Intelligence official." *Id.* Defendants object to the relevance of this request.

The Court concludes that the requested information could be relevant to Plaintiff's assertion that Defendants were aware, prior to the July 22, 2010 attack, that he was a member of the X-gang, which is allegedly a rival gang of the Aryan nation.

Defendants also state, without explanation, that "inmates are not allowed such photographs." *Id.* at 9. Although Defendants have provided no guidance on the matter, the Court has learned, through other cases, that legitimate security concerns

prevent inmates from possessing photographs of any gang signs or symbols. Similarly, it is unnecessary for Defendants to produce such photos to Plaintiff because he can either testify to them at trial or describe them, if necessary, in a sworn Affidavit. Thus, the Motion to Compel is denied, as to Plaintiff's request for copies of any *photographs.*

However, Defendants have not, at this time, provided any explanation of why they should not be required to produce any *documents* that are responsive to this discovery request.  As previously stated, such documents could be relevant to Plaintiff's assertion that Defendants were aware of the security risks caused by his gang affiliation, but failed to take adequate security measures to protect him from such risks.

Accordingly, Defendants shall, **within fourteen days of the entry of this Order,** file – UNDER SEAL –  a Supplemental Response to the Motion to Compel that: (1) provides copies of any documents regarding the July 2009 GI Gang Intelligence investigation into Plaintiff's gang affiliation; (2) specifies the security concerns that prevent the release of all or portions of those documents to Plaintiff; (3) explains whether redacting specific portions of those documents would alleviate any legitimate security concerns; and (4) clarifies whether Defendants intend to use all or part of any such documents in a dispositive motion or at trial.

**R.     Request For Production #19**

Plaintiff asked Defendants to produce copies of all policies and directives regarding the transfer of inmates by prison staff. *Id.* at 9. The Court agrees that these documents have little, if any, relevance. Further, any such relevance is clearly outweighed by the security risks created by the release of the documents to Plaintiff. Accordingly, the Motion to Compel is denied as to Request for Production #19.

**S.     Request for Production #20**

Plaintiff asked Defendants for a list of: (1) all inmates in barracks 4 from April to June of 2009; and (2) all inmates in barrack 10 from September to December 1, 2009. *Id.* The Court agrees that these documents have little, if any, relevance. Further, any such relevance is clearly outweighed by the security risks created by the release of the documents to Plaintiff. Accordingly, the Motion to Compel is denied as to Request for Production #20.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #31) is GRANTED in part, DENIED in part, and HELD IN ABEYANCE in part, as specified in this Order.

Dated this <u>22nd</u> day of July, 2011.

                                                              */s/ J. Thomas Ray*
                                    UNITED STATES MAGISTRATE JUDGE